UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WALEED K. YOUSIF**, <br><br> Plaintiff, <br><br> vs. <br><br> **JPMORGAN CHASE BANK, N.A.**, <br><br> Defendant. | 2:19-CV-12344-TGB <br><br> **ORDER DISMISSING CASE PURSUANT TO FED. R. CIV. P. 11** |

Before the Court is Defendant JPMorgan Chase Bank N.A.'s Motion for Rule 11 Sanctions. ECF No. 5. Because the complaint in this matter is little more than an attempt to relitigate factual issues already conclusively decided against Plaintiff in state court, Defendant's Motion will be granted.

I. **Background**

Plaintiff Waleed K. Yousif, a Michigan resident, was at one time associated with Alwaten Co. for General Trading & Oil Services ("Alwaten"). Alwaten has a contract with a Texas-based manufacturer to manufacture some kind of part ultimately used by the Iraqi Ministry of Oil. Complaint ¶ 6, ECF No. 1-1, PageID.10; ECF No. 19-8, PageID.337.

Also associated with the founding of Alwaten were Doctors Ali Al Jabri and Mohammed Al Jaberi, both of whom are Iraqi nationals. *Id.* ¶ 8. A dispute arose between Yousif, Ali Al Jabri, and Mohammed Al Jaberi regarding who was the rightful owner of Alwaten. ECF No. 19-8. Yousif was accused of falsely claiming he was the owner of Alwaten, and of wrongfully withdrawing and retaining monies held in an Alwaten account at Chase bank after his association with Alwaten had ended. *Id.*

The matter was fully litigated in the Wayne County Circuit Court, and the Honorable Lita M. Popke granted partial summary judgment to Ali Al Jabri and Mohammed Al Jaberi on May 30, 2019 on some claims and held a two-day bench trial on others. Judge Popke issued findings of fact and conclusions of law as to the remaining claims on January 27, 2020. *Alwaten Co. for General Trading & Oil Services, LLC et al. v. Waleed K. Yousif et al.*, Wayne Cty Cir. Ct., Case No. 18-2526-CB.[1]

Judge Popke made a number of factual findings directly relevant to this matter. First, she found that "[n]o documentary evidence was introduced at [t]rial indicating that Waleed Yousif ever obtained an

---

[1] The May 30, 2019 Order granting partial summary judgment can be found at ECF No. 5-2. The January 27, 2020 findings of fact and conclusions of law can be found at ECF No. 19-8.

ownership interest in Alwaten US or any other company." ECF No. 19-8, PageID.338. The court also reaffirmed its May 2019 ruling that Yousif had "no ownership in Alwaten Co For General Trading & Oil Services, LLC . . . as of January 1, 2013." *Id.* at PageID.341.

Additionally, the court found that Yousif "wrongfully accessed" bank accounts at Chase bank owned by Alwaten. *Id.* at PageID.341. Indeed, during the course of the litigation and before the bench trial, Yousif violated a preliminary injunction enjoining him from accessing the Chase accounts, was found in civil contempt, and ordered to serve ninety days in jail after he refused to return $22,800 in wrongfully obtained funds. *Id.* A judgment was entered in Wayne County Circuit Court against Yousif for $243,900 for embezzlement and $27,000 for conversion. *Id.* at PageID.345.

## II. Legal Standard

Federal Rule of Civil Procedure 11 requires an attorney to certify "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "a pleading, written motion, or other paper" (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation;" that (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" that (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and" that (4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "[I]f imposed on motion and warranted for effective deterrence," the sanction may include "an order directing payment to the

4

movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

## III. Discussion

As a threshold matter, the Court must address Rule 11's safe harbor provision. A party seeking Rule 11 sanctions must serve the motion on the opposing party. Fed. R. Civ. P. 11(c)(2). If the opposing party does not withdraw or appropriately correct the challenged material within twenty-one days, the motion for sanctions may be filed with the court. *Id.* Here, the record establishes that on August 7, 2019, Defendant gave notice to Plaintiff's counsel, Mr. Austin Hirschhorn, of Defendant's intention to file a motion for Rule 11 sanctions. ECF No. 5-13. Plaintiff did not withdraw the Complaint. In compliance with Rule 11, twenty-one days later Defendant filed the instant motion. ECF No. 5.

Turning to the merits, Plaintiff Yousif filed the Complaint on July 15, 2019, claiming Defendant JPMorgan Chase (i) intentionally interfered with a business relationship, (ii) intentionally inflicted emotional distress on Yousif, and (iii) committed "intentional gross negligence." Compl., ECF No. 1-1. The allegations all stem from Yousif's claims that he "was at all relevant times, the owner of Alwaten Co for

General Trading & Oil Services LLC" and that "Chase Bank[] was complicit in allowing . . . Ali Al-Jabri, [and] his brother, Mohammed Ali Al-Jaberi, to [access] the two business accounts."  Compl. ¶¶ 6, 8, ECF No. 1-1, PageID.10-11.  Each of these allegations are in direct conflict with the facts found to be true by the Wayne County Circuit Court after a trial.

Under the doctrine of collateral estoppel, a party is estopped from relitigating factual issues that have been fully and fairly litigated in another court.  *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 846 (Mich. 2004).  Here, the state court explicitly ruled that Ali Al Jabri and his brother Mohammed Ali Al Jaberi—not Yousif—were the owners of Alwaten.  ECF No. 19-8, PageID.341.  The Complaint does not allege that Yousif was denied a full and fair opportunity to litigate this issue; both parties participated in, and are bound by, the state court's clear ruling.  Thus, all of the elements of collateral estoppel are met here.  *See Monat*, 677 N.W.2d at 846.  If Yousif believes that the circuit court's rulings were in error, his remedy lies with the Michigan Court of Appeals.

As of May 30, 2019, when Judge Popke ruled that Yousif had no ownership in Alwaten, Yousif's counsel was aware that the factual claim

at the heart of this Complaint had been determined to be baseless by a court of law. ECF No. 19-2, PageID.314. Yet Yousif nevertheless filed the instant Complaint on July 15, 2019, removed by Defendant to this Court on August 7, 2019. ECF No. 1. This record supports the conclusion that Plaintiff's conduct was contrary to Rule 11(b)(3) and a sanction is appropriate.

In considering what kind of sanction should be imposed, the Court notes that Defendant's motion for sanctions states the following:

> Although Mr. Hirschhorn is the attorney of record in this case, Chase is informed and believes that a second attorney—David Baum (P32354), PO Box 250141, West Bloomfield, MI 48325—is also representing Mr. Yousif. *In fact, Mr. Baum is believed to be responsible for the pleadings that are currently before the Court.*

ECF No. 5, PageID.113 (emphasis added). Defendant provides no evidence to support its assertion that Attorney Baum actually drafted the sanctionable pleadings here, and Baum has not filed a notice of appearance in this case or otherwise given any evidence of affirmative participation in this matter. Consequently, the Court cannot confirm whether Defendant's assertion is correct. However, in light of the fact that the party seeking sanctions is alleging that Attorney Baum and not Attorney Hirschhorn may actually be the attorney responsible for the

filings in this case, the Court finds that a monetary sanction under Rule 11 or 28 U.S.C. § 1927 against Attorney Hirschhorn, the counsel of record, would not reliably serve any deterrent purpose.

Defendant brought their motion for Rule 11 sanctions before answering the Complaint or filing a Rule 12(b) motion. Given the short lifespan of this case and the uncertainty over which attorney is responsible for its initiation, the Court finds that the most appropriate sanction in these circumstances is to terminate this litigation before any more resources are wasted on a meritless case. *See, e.g., Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 657 (7th Cir. 2003) (affirming dismissal with prejudice pursuant to Rule 11). The proper sanction, and the legally sound judgment, would be to dismiss the complaint with prejudice pursuant to Rule 11(c)(4) of the Federal Rules of Civil Procedure. And so it shall be.

## IV. Conclusion

For the reasons above, the Complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE**.

DATED this 20th day of March, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 20, 2020, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk